# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

**CHARLES FISHER, JR.**                    **CIVIL ACTION NO. 14-575-P**

**VERSUS**                                 **JUDGE HICKS**

**ANTONIO TURNER, ET AL.**                 **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed in forma pauperis by pro se plaintiff Charles Fisher, Jr. ("Plaintiff"), pursuant to 42 U.S.C. §1983.  This complaint was received and filed in this court on March 17, 2014.  Plaintiff is incarcerated in the David Wade Correctional Center in Homer, Louisiana, and he claims his civil rights were violated by prison officials.  He names Antonio Turner, James Arnold, Lonnie Nail, Jerry Goodwin, and James LeBlanc as defendants.

Plaintiff claims that on April 25, 2013, Antonio Turner told him that another inmate accused him of masturbating while he watched him take a shower.  He denied the allegations. Plaintiff claims he was then housed in administrative segregation during the investigation of the incident.

Plaintiff claims that on May 1, 2013, he received a disciplinary report.  He claims that on May 3, 2013, he filed an oral motion to face his accusers.  He claims that his disciplinary

hearing was conducted on May 6, 2013.  He claims Antonio Turner appeared at the hearing to represent the two confidential informants.  He claims Turner read the informants' statements.  Plaintiff claims James Arnold, the board chairman, found him guilty of a rule #21-c violation and sentenced him to extended lock-down.

Plaintiff claims that on May 10, 2013, he filed an appeal.  He claims that on May 14, 2013, Jerry Goodwin reversed his disciplinary conviction and remanded the matter to Antonio Turner for further investigation and review.

Plaintiff claims that on June 4, 2013, he appeared before Board Chairman Lonnie Nail for a rehearing.  Plaintiff claims he was found guilty.  Plaintiff claims that on June 6, 2013, he filed an appeal.  He claims that on July 17, 2013,  the matter was remanded for a rehearing for a violation of rule #20-f.

Plaintiff claims that on July 23, 2013, he appeared for a disciplinary hearing before Lonnie Nail and Jamie Fussell.  He claims Nail informed him that he was charged with violating rule #21-f.  Plaintiff claims Nail continued his hearing for one week so he could prepare a defense against the new charge.

Plaintiff claims that on July 30, 2013, he appeared before Nail for his disciplinary hearing.  He claims Nail denied his motion to dismiss the initial rule violation report. Plaintiff claims he was found guilty and sentenced to extended lock-down based on the credibility of Turner who prepared the initial report.  Plaintiff claims that on August 6, 2013, he filed an appeal.  Plaintiff claims that in September of 2013, Jerry Goodwin denied his appeal.  He claims he then filed an appeal with James LeBlanc.  He claims that in December

of 2014, James LeBlanc denied his appeal.

Plaintiff claims that on December 19, 2013, he filed a grievance with the Office of the Attorney General challenging the false disciplinary report and conspiracy in the disciplinary process. Plaintiff claims that on December 27, 2013, he received a response from the Office of the Attorney General stating that it had no authority to intervene in the matter.

Accordingly, Plaintiff seeks to be exonerated from the charge and have it expunged from his record, monetary compensation, and a transfer.

## LAW AND ANALYSIS

### Due Process in the Disciplinary Process

To the extent Plaintiff contends he was punished without due process, that claim is not cognizable. In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431.

Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana

v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995).  Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner.  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the action affected the duration of his sentence or was atypical of the prison environment.  To the contrary, Plaintiff's allegations concern his conviction and sentence to extended lock-down which is far from "extraordinary."  This court finds that under Sandin, Orellana and Madison, a sentence of extended lock-down does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's claims that he was punished without due process of law are without merit and should be dismissed with prejudice as frivolous.

**False Report**

To the extent Plaintiff claims Defendants filed false disciplinary reports against him, Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report.  Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984); Cardine v. Tucker, 23 F.3d 406 (Table), 1994 U.S. App. LEXIS 17566 (6th Cir. 1994).  Even if the actions of Defendants resulted in false disciplinary action being taken against him, Plaintiff's claim against them is not cognizable because he has no constitutional protection from being

wrongly charged with a disciplinary offense.

      Accordingly, Plaintiff claims regarding false disciplinary reports should be dismissed with prejudice as frivolous.

## CONCLUSION

      Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

      Accordingly;

      **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

      Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 8th day of September 2015.

Mark L. Hornsby
U.S. Magistrate Judge